**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH WATKINS | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1565 (RMU) |
| | ) |
| RONNIE HOLT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Now come Defendants the Federal Bureau of Prisons (BOP); Ronnie R. Holt, Warden, Federal Correctional Institution at Schuylkill, Pennsylvania (FCI- Schuylkill); and Henry J. Sadowski Northeast Regional Counsel, BOP and respectfully move this Court to dismiss the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6)  for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Alternatively, pursuant to Fed. R. Civ. P. 56, defendants move the Court for an order granting summary judgment in their favor.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities and statement of material facts not in genuine dispute.

Plaintiff should take notice that any factual assertions contained in the declarations in support of defendants' motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the attached declarations.  See, Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall
set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith. The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits. When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial. If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed.R.Civ.P. 56(e).


                              Respectfully submitted,


                              _____
                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                              United States Attorney



                              _____
                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                              Assistant United States Attorney


_____

                              _____
                              HEATHER D. GRAHAM-OLIVER
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 4th St., N.W.
                              Washington, D.C.  20530
                              (202) 305-1334

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH WATKINS | ) |
| | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|   **v.** | ) Civil Action No. 05-1565 (RMU) |
| | ) |
| RONNIE HOLT, et al., | ) |
| | ) |
|       **Defendants.** | ) |
| | ) |

**FEDERAL DEFENDANTS' STATEMENT OF**
**MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendants hereby set forth their Statement of Material Facts Not in Genuine Dispute in support of their Motion to Dismiss, or, in the alternative, for Summary Judgment.

1.    Plaintiff filed an Administrative Tort Claim dated January 5, 2005, with the Department of Justice.  Exhibit (Exh) 1.

2.    At all relevant times herein, Plaintiff was incarcerated at Federal Correctional Institution (FCI) Schuylkill, Pennsylvania. Complaint (Compl).

3.    Plaintiff brought his Administrative Tort Claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, claiming that he is illegally incarcerated because his sentence was not computed properly.  Plaintiff demanded his immediate release and compensatory damages.  Exh. 1.

4.    Defendant, Federal Bureau of Prisons (BOP), denied Plaintiff's tort claim on June 9, 2005.  Exh. 2.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____


_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH WATKINS | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 05-1565 (RMU)** |
| | ) |
| RONNIE HOLT, et al., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

Plaintiff named the Federal Bureau of Prisons (BOP), Ronnie R. Holt, Warden, Federal

Correctional Institution at Schuykill, Pennsylvania (FCI-Schuykill); and Henry J. Sadowski

Northeast Regional Counsel, BOP as defendants in the instant action.  Federal Defendants submit

this memorandum of law in support of this motion, pursuant to Fed. R. Civ. P. (12)(b)(1) and (6),

for lack of subject matter jurisdiction and failure to state a claim upon which relief may be

granted; as well as Fed. R. Civ. P. 56 for summary judgment as there is no genuine issue as to

any material fact and the moving party is entitled to judgment as a matter of law.  Plaintiff brings

this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671- 2680.[1]

**II.    STATEMENT OF FACTS**

Plaintiff in this action is inmate Joseph Watkins (R17954-0759).  On July 18, 1986,

---

[1]  This is clearly an action that may be defended under Razzoli v. Federal Bureau of
Prisons, 230 F.3d 371 (D.C. Cir. 2000) and Heck v. Humphrey, 512 U.S. 477 (1994); thus, a
certification has not been prepared for the individually named defendants pursuant to 28 U.S.C.
§2679(d)(2).

inmate Watkins was arrested on charges that later resulted in his current commitment for

Attempted Distribution of Heroin, in violation of D.C. Code Title 33-541 (a) (1). Exh. 3. On

November 25, 1986, inmate Watkins was sentenced in the District of Columbia Superior Court

to a term of five to 15 years, with execution of sentence suspended, to serve three years

probation. Id. Plaintiff was ordered to enter and complete the Second Genesis Drug program.

The execution of said sentence was stayed until Plaintiff entered the drug program. Id. On

August 17, 1988, Plaintiff's probation was revoked and he was sentenced to a term of 15 years.

He was given pre-sentence time credit for July 19, 1986, through August 3, 1986; August 22,

1986, through February 24, 1987; and April 5, 1988, through August 16, 1988, for a total of 337

days of credit. Id. The Expiration Full Term Date (EFT) was computed to be September 13,

2002. Id.

   During the service of this sentence, Plaintiff escaped from Hope Village Community

Corrections Center (Hope Village) on January 2, 1991. He remained at large until February 4,

1991. Id. Subsequently, Plaintiff escaped community Corrections Center #4 on March 7, 1993.

He remained at large until September 28, 1993. The time that inmate Watkins remained at large

resulted in a period of 208 days of inoperative time or time that he did not receive credit for

service of his sentence. Id. Plaintiff was sentenced to a 30-day term of imprisonment for

Attempted Prison Breach on April 29, 1994. Id. The sentence was ordered to run consecutive tot

he previously imposed 15 year term. Id. This resulted in a total aggregate sentence of 15 years

and 30 days. Id. Plaintiff's sentence was re-computed by adding the 30-day term to the 15-year

term. The calculation of pre-sentence time credit and inoperative time remained the same as in

the original sentence computation. Id. The new Expiration Full Term Date (EFT) was computed

2

to be May 9, 2003.  Id.  Plaintiff was released on parole on April 18, 1995.  He had a term of

2,944 days remaining on his sentence at the time of release.  The days remaining were

determined by computing the number of days from the date of release on parole, until the EFT on

the sentence.  Id.

On July 7, 1996, the District of Columbia Board of Parole issued a warrant for Plaintiff's

arrest, alleging that he had violated the conditions of his parole.  Id.  On September 30, 1996,

Plaintiff was arrested by Maryland state authorities for False Imprisonment, Attempted Robbery

and Assault.  Plaintiff was sentenced to a five-year term of imprisonment on those charges, and

received 241 days of pre-sentence time credit.  Id.  The Maryland sentence expired on January 3,

2000.  Id.  After, Plaintiff served his time on the Maryland charges, he was turned over to the

custody of the U.S. Marshals, pursuant to the warrant for violation of parole on January 3, 2000.

The warrant was executed on that date.  Id.

On January 3, 2001, the U.S. Parole Commission ordered that *parole be revoked and that*

*none of the time spent on parole should be credited*.  Id.  On August 17, 2001, the Commission

issued a Notice of Action, ordering Plaintiff to continue to a Presumptive Parole Date of

September 29, 2004, after the service of 96 months.  Id.  *For purposes of calculating Plaintiff's*

*guideline range for re-parole, the Commission considered time that he spent serving his*

*Maryland state sentence.  Plaintiff has incorrectly interpreted this as an order of credit for time*

*served against his days remaining to be served.*  Id.  Plaintiff's parole violator term was

computed on February 19, 2002.  The days remaining to serve, 2,944 days, was added to January

3, 2000, the date the warrant was executed, to arrive at an EFT of January 24, 2008.  Id.

Plaintiff's release date was calculated as March 30, 2007, via Mandatory Release.  Id.  Plaintiff's

3

Statutory Release Date, with the award of 773 days SGT was calculated as December 12, 2005.

Id.

On April 13, 2004, Plaintiff was transferred to Bannum Place, Inc., a Community Corrections Center (CCC) located in Washington, D.C.  Id.  On April 30, 2004, Plaintiff was found to be in possession of intoxicants.  Id.  Plaintiff Plaintiff was subsequently sanctioned with the forfeiture of 60 days of Institutional Good Time Credits.  Plaintiff was returned to FCI Schuylkill.  Id.  On June 10, 2004, the Commission ordered that Plaintiff's Parole Effective Date be retarded from September 29, 2004, until October 29, 2004, because of the disciplinary sanction.  Id.  On September 21, 2004, Plaintiff was again transferred to Bannum Place, Inc.  On October 21, 2004, Plaintiff was again sanctioned with the loss of 400 days of Institutional Good Time Credits.  Id.  Plaintiff was subsequently returned to FCI Schuylkill.  Id.  On November 1, 2004, the Commission ordered that Plaintiff's Parole Effective date be retarded and that a rescission Hearing be scheduled.  Id.  On December 3, 2004, Plaintiff's sentence computation was updated and it was discovered that the expiration full term date of plaintiff's original term should have been June 5, 2003, instead of May 9, 2003.  Id.  This was due to a keying error in the number of days of inoperative time that was applied against the original sentence.  Id.  The number of days remaining to be served changed from 2944 days to 2971 days.  Id.  Plaintiff is currently incarcerated at FCI-Schuykill.  See Complaint.  Plaintiff's sentence has been computed in accordance with applicable BOP policy and federal statutes.  Exh. 3, p. 5.

Plaintiff filed an Administrative Tort Claim dated January 5, 2005, with the Department of Justice.  Exh. 1.  Plaintiff brought his Administrative Tort Claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, claiming that he is illegally incarcerated because his

sentence was not computed properly.  Plaintiff demanded his immediate release and

compensatory damages.  Id.  Defendant, Federal Bureau of Prisons (BOP), denied Plaintiff's tort

claim on June 9, 2005.  Exh. 2.  This action followed on August 3, 2005.  See Complaint.

## III.    STANDARDS OF REVIEW

### A.    Requests for Dismissal

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to Rule

12(b)(1) and 12(b)(6) require a particular standard of review.  A court may resolve a motion to

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court

may determine the motion based solely on the complaint. Herbert v. National Academy of

Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of

jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and

other extrinsic information, and ultimately weigh the conflicting evidence.  See Id.

In making determinations on a motion to dismiss under Rule 12(b)(6) , the Court must

view facts alleged in the complaint in the light most favorable to the plaintiff.  Conley v. Gibson,

355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F.Supp.2d 125 (D.D.C. April 2001), citing,

Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also, Slaby v.

Fairbridge, 3 F.Supp.2d 22, 27 (D.D.C. 1998). A complaint should be dismissed if it "appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Conley, 355 U.S. at 46.  Applying these standards Plaintiff's complaint

should be dismissed in its entirety.

### B.    Summary Judgment Standard

Summary judgment is appropriate when the record shows that no genuine issue exists as

to any material fact and the moving party is entitled to judgment as a matter of law.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S.

317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v.

Freeh , 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material

fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the

light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence

of a factual dispute, however, will not defeat summary judgment.  The non-moving party must

show that the dispute is genuine and material to the case.  That is, the factual dispute must be

capable of affecting the substantive outcome of the case and supported by sufficiently admissible

evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S.

at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence

favoring the non-moving party is merely colorable, or is not significantly probative, summary

judgment may be granted.  Anderson, 477 U.S. at 249-50 (citations omitted).  "[A] complete

failure of proof concerning an essential element of the non-

moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is

'entitled to judgment as a matter of law.'"  Celotex Corp., 477 U.S. at 323 (citations omitted).

 Moreover, Rule 56 does not require the moving party to negate the non-movant's claim or

to show the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Rather, when

the movant files a properly supported summary judgment motion, the burden shifts to the

nonmoving party to show "specific facts showing that there is a genuine issue for trial."  Fed. R.

Civ. P. 56(e).  Further, the non-movant cannot manufacture genuine issues of material fact with

"some metaphysical doubt as to the material facts,"  Matsushita Elec. Indus. Co., 475 U.S. at

6

586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Because there are no material facts in dispute, judgment should be entered for defendants.

## III.  ARGUMENT

### A.       *Habeas Corpus* **is Plaintiff's  Exclusive Remedy**

Habeas corpus is the exclusive remedy for a federal prisoner who sues with the goal of securing his release from confinement. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)(*en banc*)(congress has designated habeas as the appropriate vehicle for individuals who challenge the lawfulness of their custody).  The exclusivity of habeas corpus is not limited to claims for "immediate release or release in the near future," but includes any claim that the prisoner "is being deprived of the chance to secure his release . . ." Id.  The requirement that the plaintiff seek relief in habeas cannot be evaded by artful pleading; prisoners may therefore not evade the requirements of habeas corpus "by the simple expedient of putting a different label on their pleadings." Id., citing Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); accord Benson v. New Jersey State Parole Board, 947 F.Supp. 827, 832 (D.N.J. 1996)(court, mindful that a change in plaintiff's parole eligibility date will not automatically result in his immediate release, nevertheless viewed complaint as a "thinly veiled attack on duration of confinement").  The D.C. Circuit, in Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000), reaffirmed the continuing validity of Chatman-Bey in requiring the use of habeas corpus before other avenues of relief (in that case, the Privacy Act), even where the claim, if successful, would have a "merely probabilistic impact on the duration of custody." 230 F.3d at 373.  See also Heck v. Humphrey, 512 U.S. 477, 481-2 (1994)(Section 1983 claim for damages for alleged constitutional violations

7

in arrest and conviction cannot be brought without exhausting habeas corpus remedy, because "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction".) Similarly, in order to establish the basis for damages in this case, plaintiff would be required to demonstrate the invalidity of the conviction.

The instant action, insofar as it seeks equitable relief, clearly sounds in *habeas*. According to the complaint, plaintiff is alleging that the defendants Ronnie Holt, Warden of FCI Schuylkill, and Henry Sadowski, Northeast Regional Counsel for the BOP, are holding him illegally. See Complaint p. 2. On his Administrative Claim form, Plaintiff demands his immediate release. Exh. 1. This is precisely the kind of claim that is routinely considered in *habeas corpus* litigation and which should be dismissed as improvidently brought under the FTCA.

Lastly, the *habeas* claim must be filed in the jurisdiction where a plaintiff (petitioner) is incarcerated with the respondent being "the officer or other person in whose custody or keeping the petitioner is detained." Taylor v. Washington, 808 A.2d 770, 773 (D.D.C.) "In the *habeas* context, the term 'custodian' ordinarily means the warden of the institution in which the petitioner is imprisoned--the person 'having a day-to-day control over the prisoner' and 'who can directly produce 'the body' of the petitioner' if required to do so by the court." Id. In this case, jurisdiction would lie in the Middle District of Pennsylvania, plaintiff's place of incarceration, *not* in the District of Columbia. Accordingly, this case should be dismissed.

**B.     The Federal Tort Claims Act Does Not Apply To False Imprisonment Claims.**

On August 3, 2005, Plaintiff filed this action pursuant to the Federal Tort Claims Act

(FTCA), 28 U.S.C. § 2671-2680.  See Complaint.  In his complaint, plaintiff specifically asserts

that he is being held illegally.  Id., at p. 2.  Essentially, Plaintiff has asserted a false imprisonment

claim under the FTCA.  However, the FTCA explicitly excludes any claims arising out of false

imprisonment.  28 U.S.C. § 2680 (h).  As such, Plaintiff's complaint must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Defendant's motion to

dismiss or in the alternative for summary judgment be granted, and that this matter be dismissed

with prejudice.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Motion for Extension of Time was served upon plaintiff by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> Joseph  Watkins
> # 36526-118
> Federal Correctional Institution - Schuylkill
> Interstate 81 & 901 West
> Minersville, Pennsylvania 17954

on this ___ day of January 2006.

_____
HEATHER GRAHAM-OLIVER