

**United States Government**
**MEMORANDUM**
*FCI Schuylkill, PA*

March 29, 2005

MEMORANDUM FOR: HENRY J. SADOWSKI, REGIONAL COUNSEL
NORTHEAST REGION

FROM: Ronnie R. Holt, Warden

SUBJECT: TRT-NER-2005-01396
WATKINS, Joseph
Reg. No. 36526-118

This is in response to your request for an investigation and recommendation on the above-referenced administrative tort claim, which was filed by an inmate incarcerated at the Federal Correctional Institution ("FCI") at Schuylkill. Inmate Watkins alleges his sentence has been incorrectly computed by the Federal Bureau of Prisons (FBOP). He alleges that he should have been released on August 18, 2004. Inmate Watkins seeks $75,000,000.00 in compensation from the United States.

It should be noted that Watkins's claim is essentially a claim of false imprisonment. That is, he claims that the BOP has miscalculated his sentence and detained him past his release date. A claim of false imprisonment is not a valid claim under the Federal Tort Claims Act. See 28 U.S.C. § 2680(h). Watkin's claim should be denied for this reason.

It should also be noted that Watkins is currently challenging that computation of his sentence through a 28 U.S.C. § 2241 petition in *Watkins v. Holt*, No. 1:CV-04-2808 (M.D. Pa.) (Kane, J.).

Watkins' sentence computation was prepared and audited by the FBOP District of Columbia (D.C.) Records Center located in Petersburg, VA. Information contained in this response was

Administrative Tort Claim
TRT-NER-2005-01396
WATKINS, Joseph
Register No. 36526-118
Page 2

obtained from that office and from the records contained in inmate Watkins' Judgement and Commitment file.

On July 18, 1986, inmate Watkins was arrested for Attempted Distribution of Heroin, in violation of D.C. Code Title 33-541(a)(1), on charges that later resulted in his current commitment for Attempted Distribution of Heroin. This was docketed in the District of Columbia Superior Court (DCSC) under case no. F-5901-86.

On November 25, 1986, inmate Watkins was sentenced in the DCSC, under case no. F-5901-86, to a term of five to 15 years, with execution of sentence suspended, to serve three years probation.

Inmate Watkins was ordered to enter and complete the Second Genesis Drug Program. The execution of said sentence was stayed until inmate Watkins entered the drug program.

On August 17, 1988, inmate Watkins' probation was revoked and he was sentenced to a term of four to 15 years, under Case No. F-5901-86. Inmate Watkins' sentence was computed by the District of Columbia Department of Corrections (DCDOC) on August 19, 1988. He was given pre-sentence time credit for July 19, 1986, through August 3, 1986; August 22, 1986, through February 24, 1987; and April 5, 1988, through August 16, 1988, for a total of 337 days of credit. The Expiration Full Term Date (EFT) was computed to be September 13, 2002.

During the service of this sentence, inmate Watkins escaped from Hope Village Community Corrections Center (Hope Village) on January 2, 1991. He remained at large until February 4, 1991. Inmate Watkins escaped Community Corrections Center #4 on March 7, 1993. He remained at large until September 28, 1993. The time that inmate Watkins remained at large resulted in a period of 208 days of inoperative time or time that he did not receive credit for service of his sentence.

Inmate Watkins was sentenced to a 30-day term of imprisonment for Attempted Prison Breach, under Case No. F-148-94, on April 29, 1994. The sentence was ordered to run consecutive to the previously imposed 15 year term. This resulted in a total aggregate sentence of 15 years and 30 days.

Administrative Tort Claim
TRT-NER-2005-01396
WATKINS, Joseph
Register No. 36526-118
Page 3

Inmate Watkins's sentence was re-computed by the DCDOC by adding the 30-day term to the 15-year term. The calculation of pre-sentence time credit and inoperative time remained the same as in the original sentence computation. The new Expiration Full Term Date (EFT) was computed to be May 9, 2003.

Inmate Watkins was released on parole on April 18, 1995. He had a term of 2,944 days remaining on his sentence at the time of release. The days remaining were determined by computing the number of days from the date of release on parole, until the EFT of the sentence.

On July 7, 1996, the District of Columbia Board of Parole issued a warrant for inmate Watkins's arrest, alleging that he had violated the conditions of his parole.

On September 30, 1996, inmate Watkins was arrested by Maryland state authorities for False Imprisonment, Attempted Robbery and Assault. Inmate Watkins was sentenced to a five-year term of imprisonment on those charges, and received 241 days of pre-sentence time credit. The Maryland sentence expired on January 3, 2000.

Inmate Watkins was turned over to the custody of the U.S. Marshals, pursuant to the warrant for violation of parole on January 3, 2000. The warrant was executed on that date.

On January 3, 2001, the U.S. Parole Commission (USPC) issued a Notice of Action in inmate Watkins's case. The Commission ordered that parole be revoked, and that none of the time spent on parole should be credited.

On August 17, 2001, the Commission issued a Notice of Action in inmate Watkins's case. The Commission ordered inmate Watkins continue to a Presumptive Parole Date of September 29, 2004, after the service of 96 months. For purposes of calculating inmate Watkins's guideline range for re-parole, the Commission considered time that inmate Watkins spent serving his Maryland state sentence. Inmate Watkins has incorrectly interpreted this as an order of credit for time served against his days remaining to be served.

Inmate Watkins's parole violator term was computed on February 19, 2002, by the FBOP D.C. Records Center. The days remaining to serve, 2,944 days, was added to January 3, 2000, the date

Administrative Tort Claim
TRT-NER-2005-01396
WATKINS, Joseph
Register No. 36526-118
Page 4

the warrant was executed, to arrive at an EFT of January 24, 2008. Inmate Watkins's release date was calculated as March 30, 2007, via Mandatory Release. Inmate Watkins's Statutory Release Date, with the award of 773 days SGT was calculated as December 12, 2005.

On March 6, 2002, inmate Watkins filed a petition under 28 U.S.C. 2241, in the U.S. District Court for the District of Columbia, alleging that his sentence had been incorrectly computed. On October 11, 2002, his petition was transferred to the U.S. District Court for the Middle District of Pennsylvania under Docket No. 1:CV-02-1903. On October 30, 2003, inmate Watkins filed a motion for immediate release, alleging that his sentence had expired and that he was being illegally held. On December 31, 2003, the Court denied the petition, as well the motion for immediate release. In its Memorandum and Order, the Court carefully reviewed all facts in evidence and determined that inmate Watkins's sentence was correctly computed.

On April 13, 2004, inmate Watkins was transferred to Bannum Place, Inc., a Community Corrections Center (CCC) located in Washington, D.C. On April 30, 2004, inmate Watkins was found to be in possession of intoxicants. Inmate Watkins was subsequently sanctioned with the forfeiture of 60 days of Institutional Good Time Credits (similar to Statutory Good Time). Inmate Watkins was returned to FCI Schuylkill.

On June 10, 2004, the Commission ordered that inmate Watkins's Parole Effective date be retarded from September 29, 2004, until October 29, 2004, because of the disciplinary sanction.

On September 21, 2004, inmate Watkins was again transferred to Bannum Place, Inc. On October 19, 2004, an incident report was written charging inmate Watkins with the Use of Drugs or Drug Items. On October 21, 2004, inmate Watkins was sanctioned with the loss of 400 days of Institutional Good Time Credits. Inmate Watkins was subsequently returned to FCI Schuylkill.

On November 1, 2004, the Commission ordered that inmate Watkins's Parole Effective date be retarded and that a Rescission Hearing be scheduled.

On December 3, 2004, inmate Watkins's sentence computation was updated by FBOP D.C. Records Center (DCRC). It was discovered

Administrative Tort Claim
TRT-NER-2005-01396
WATKINS, Joseph
Register No. 36526-118
Page 5

    that the expiration full term date of inmate Watkins's original term should have been June 5, 2003, instead of May 9, 2003. This was due to a keying error in the number of days of inoperative time that was applied against the original sentence. The number of days remaining to be served changed from 2944 days to 2971 days.

Mr. McIntyre's computation shows that Inmate Watkins's sentence has been computed in accordance with applicable FBOP policy and federal statutes.

Because the FTCA is not the appropriate mechanism for Watkins to challenge his sentence, I recommend that this administrative tort claim be denied. In the alternative, a detailed examination of Watkins's sentence computation reveals no evidence of staff negligence. This tort claim could also be denied based on its complete lack of merit.

