United States District Court
For the District of Columbia

Joseph Watkins
      Plaintiff

                    Case Number 1:05-CV-01565-RMU

   v.

Ronnie R. Holt, Et al.

Henry J. Sadowski

Federal Bureau of Prisons,

         Defendants.


      Motion for Summary
           Judgment.

1.

Motion For Summary Judgment

The Plaintiff move for Summary Judgment due to the Fact that the non moving party has been granted two Extentions and it clearly states by there Action that the non moving party is not ready for trial by jury. (The Defendant's did not respond to the Court's order, October 31, 2005, December 19, 2005 or January 3, 2006.)

Therefore, the Plaintiff move for Summary Judgment on these Facts only by the non moving party.

The Plaintiff hope and pray that the Court grant the Plaintiff motion For Summary Judgment.

Respectfully Submitted,
by Joseph Waters
January 8, 2006

## Certificate of Service

I, Joseph Watkins, hereby certify that this 8th day of January 2006, I cause a true and correct copy of the foregoing Motion for Summary Judgment, to be served by First-class mail, postage pre-paid, upon the United States Attorney Office, by placing the same at Addressed, F.C.I Schuylkill, P.O. Box 759, Minersville, PA. 17954-0759

To: United States Attorney Office
    Mr. Heather D. Graham-Oliver
    555 Fourth Street N.W.
    Washington, D.C. 20530

                                by Joseph Watkins
                                on this 8th day of January 2006

United States District Court
for the District of Columbia.

Joseph Watkins
            Plaintiff
                        Case Number 1:05-cv-01565-RMU
    v.

Ronnie R. Holt, et al.

Henry J. Sadowski

Federal Bureau of Prisons,
            Defendants.

Affidavit in Support of the Plaintiff, Motion For the Appointment of Counsel.

1.

Affidavit in Support of the Plaintiff, motion For the Appointment of Counsel.

1. I am the plaintiff in the above entitle case. I make this Affidavit in support of my motion for the Appointment of Counsel.

2. The complaint in this case alleges that the plaintiff was subjected to the misuse of his claim and are liable for failing to take action to control them. The plaintiff was subsequently denied due process of law.

3. This is a very complex case, because it contains several different legal claims, with each claim involving a different set of rules.

4. The case involves issues that may require expert testimony.

5. The plaintiff has demanded to be produce to the Court to discuss his claim.

6. The plaintiff demanded a Jury Trial.

7. The case will require discovery of documents and depositions of a number of witnesses.

8. The testimony will be in sharp conflict, since the plaintiff allege's violation.

2

9. The plaintiff has only a high school education and has no legal education.

10. The plaintiff is serving a sentence in punitive segregation. For this reason, he has very limited access to legal materials, and has no ability to investigate the facts of the case, for example, by locating and interviewing the discovery.

11. As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of the plaintiff claim, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff motion for the appointment of counsel should be granted.

Respectfully submitted,
by Joseph Watkins
on this 8th day of January 2006

Friend of the Court

RECEIVED
JAN 8 2006

## Certificate of Service

I Joseph Watkins, certify that the foregoing Affidavit in support of the Plaintiff, motion for the Appointment of Counsel, was served upon the Defendants by depositing a copy of it in the U.S. Mail Box, First class postage prepaid, addressed from F.C.I. Schuylkill, P.O. Box 759, Minersville, PA. 17954-0759.

TO: United States Attorney Office
Mr-Heather D. Graham-Oliver
555 Fourth Street N.W.
Washington, D.C. 20530

by Joseph Watkins
on this 8th day of January 2006

United States District Court
For the District of Columbia

Joseph Watkins
                    Plaintiff
                                        Case Number
          V.                            1:05-CV-01565-RMU

Ronnie R. Holt, Et al.

Henry J. Sadowski

Federal Bureau of Prisons,

                    Defendants.

Memorandum of law in Support of the Plaintiff
Motion For the Appointment of Counsel.

1.

Memorandum of law in Support of the Plaintiff Motion for the Appointment of Counsel.

Statement of the case.

This is a Civil Rights case filed under 28 U.S.C. 1346, 2671-2680, by a Federal Prisoner and asserting claims for the un-constitutional misuse of law, the denial of due process in subsequent proceeding. The plaintiff seeks damages as to all claims and an injunction.

Argument

The Court should appoint counsel for the plaintiff,

In deciding whether to appoint counsel for an indigent litigant, the Court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issue. Abdullah v. Gunter 949 F.2d 1032, 1035 (8th cir 1991)

1. Factual Complexity: The plaintiff alleges that several facts are a violation of his constitutional Rights, the claim denied the plaintiff of due process. The sheer number of claims and defendant's make this a factually complex case.

2.

2. The plaintiff Ability to investigate: A Factor that several Courts have cited in Appointing Counsel, Tucker V. Randall, 948 F.2d 388, 391-92 (7th cir 1991) Gatson V. Coughlin, 679 F. Supp 270, 273 (1988)

3. Conflicting testimony: The plaintiff account his violation. this aspect of the case will be a credibility contest between the unlawful defendants and the plaintiff, The existence of these credibility issue supports the Appointment of Counsel Armstrong V. Snyder 103 F.R.D 96, 105 (E.D.Wis 1998)

4. The Ability of the indigent to present his claim: The plaintiff is an indigent prisoner with no legal training. A Factor that supports the Appointment of Counsel, Whisenant V. Yuam 739 F.2d 160, 163 (4th cir 1999), in addition, he is confined to segregation with very limited access to legal materials, Rayes V. Johnson, 969 F.2d 700, 703-04 (8th cir 2001) (citing lack of Ready access to a law library, as a factor supporting Appointment of Counsel.)

5. Merit of the case: The plaintiff Allegations, if proved, clearly would establish a Constitutional Violation. The un provoked and injurious psychological injuries clearly states an Eighth Amendment violation, Hudson V. McMillian, 112 S.Ct. 995, 1000 (2002) Superintendent V. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1998) Due Process, Ponte V. Real, 471 US 491, 497, 105 S.Ct 2192 (1995)

3.

Dyson v. Kucik, 689 F.2d 466, 467-68 (3d Cir 1982)

## Conclusion

For the foregoing reason, the Court should grant the plaintiff motion and appoint counsel in this case.

Respectfully Submitted
by Joseph Watkins

January 8, 2006
Joseph Watkins
Joseph Watkins
F.C.I. Schuylkill,
P.O. Box 759,
Minersville, PA.
17954-0759

4.

## Certificate of Service

I, Joseph Watkins, certify that the foregoing Memorandum of law in support of the Plaintiff Motion for the Appointment of Counsel, was served upon the Defendant, by depositing a copy of it in the U.S. Mail Box, First class postage prepaid, addressed from F.C.I. Schuylkill, P.O. Box 759, Minersville, PA 17954-0759

TO: United States Attorney Office
    Mr. Heather D. Graham-Oliver
    555 Fourth Street N.W.
    Washington, D.C. 20530

by Joseph Watkins
on this 8th day of January 2006