United States District Court
For the District of Columbia

LET THIS BE FILED

Joseph Watkins
                    Plaintiff
                                                Ricardo M. Urbina
                                                1-30-06
        v.                          Civil Action No. 05-1565-RMU

Ronnie R. Holt, et al.
Warden

Henry J. Sadowski, Regional Counsel
                    Defendants

Plaintiff's Motion in Opposition to Defendants Motion to Dismiss or in the Alternative for Summary Judgment.

Now come Plaintiff in pro se.

First, According to the Federal Defendants statement of Material Facts in genuine dispute.

Memorandum of Points and Authorities in Support of Motion to Dismiss for Summary Judgment.

There is no Certificate of Service for the motion? Addressed to the Plaintiff.

The Plaintiff do not have a complaint against the United States of America, SEE Declaration of Spencer Bassett.

Are the Defendants' moving for another Extension? SEE Certificate of Service, Motion for Extension of Time, page 10.

Pursuant to Fed. R. Civ. P 56, Plaintiff move the Court for an Order granting Summary Judgment in Favor of the Plaintiff.

*Joseph Watkins*
January 10, 2006
F.C.I.-Schuylkill,
P.O. Box 759
Minersville, PA.
17954-0759

2.

Certificate of Service

I, Joseph Watkins, certify that the Foregoing Motion in Opposition to Defendants Motion to Dismiss or in the Alternative For Summary Judgment, was served upon Defendants by depositing a copy of it in the U.S. Mail Box, First class postage prepaid, addressed to F.C.I. Schuylkill, P.O. Box 759, Minersville, PA. 17954-0759

TO: Heather D. Graham-Oliver
    Assistant United States Attorney
    555 4th St., N.W.
    Washington, D.C. 20530

by Joseph Watkins
January 10, 2006

United States District Court
For the District of Columbia

Joseph Watkins
      Plaintiff

v.                                     Civil Action No. 05-1565 (RMU)

Ronnie R. Holt, Et al, Warden

Henry J. Sadowski, Regional Counsel
      Defendants.

Plaintiffs' Statement of Material Facts.

Plaintiff hereby set forth his Statement of Material Facts.

1. The Plaintiff, Administrative tort claim No. TRT-NER-2005-01396 was properly received by this Agency, Northeast Regional Office, Philadelphia, PA. On January 18, 2005, see Exhibit A'.

-3-

2. The Plaintiff, Administrative tort claim No. TRT-NE 2005-01396 was transfer pursuant to 28 C.F.R. §14.2 (b)(1), to the Federal Agency whose Activities gave rise to the claim on January 27, 2005. In this case, the Appropriate Agency for Evaluating the merits of the Plaintiff claim is the Federal Bureau of Prisons, Mrs. Joyce Zolduk, Associate General Counsel, 320 First Street, N.W. Room 977 HOLC, Washington D.C. 20534. See Exhibit B; Exhibit C.

3. On June 9, 2005, after transferring the case to Mrs. Joyce Zolduk — Mr. Henry J. Sadowski, Regional Counsel, of the Northeast Regional Office, Philadelphia, PA., denied the Plaintiff claim after transferring the case to Washington D.C. See Exhibit D

4. Mr. Henry J. Sadowski, receiving the claim/case was misleading and dealing in Fraud.

5. Mr. Henry J. Sadowski, violated the Federal Bureau of Prisons policy 28 C.F.R. §14.2 (b)(1). See Exhibit C. Causing the Plaintiff mental Anguish and Emotional Stress.

by Joseph Watkins

4.

## Certificate of Service

I certify that the foregoing Motion for Statement of Material Facts, was served upon Defendants' by depositing a copy of it in the U.S. Mail Box, First-class postage prepaid, addressed, F.C.I. Schuylkill, P.O. Box 759, Minersville, PA. 17954-0759

TO: Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St. N.W.
Washington, D.C. 20530

Joseph Watkins
January 10, 2006

United States District Court
For the District of Columbia

Joseph Watkins
        Plaintiff
   v.              Civil Action No. 05-1565 (RMU)

Ronnie R. Holt, et al., Warden

Henry J. Sadowski, Regional Counsel
        Defendants.

Memorandum of Points and Authorities in Support of the Plaintiff Motion for Summary Judgment.

1. Background

On July 18, 1986, the Plaintiff was arrested for Attempted Distribution of Heroin. SEE Exhibit F

On November 25, 1986, the Plaintiff was sentence in the DCSC under case No. F-5901-c to a term of 5 to 15 years of imprisonment, with Execution of sentence suspended to serve three year probation.

5.

The Plaintiff was ordered to enter and complete the Second Genesis day program.

On August 17, 1988, the Plaintiff's probation was revoked and the Plaintiff was sentence to a term of four to 15 years. 4 to 15 years. See Exhibit A. See Computation Data.

During the service of this sentence, the Plaintiff escaped from Hope Village Halfway house. From January 3, 1991 to February 3, 1991. A total of 32 days. See Exhibit I.

Also, the Plaintiff escaped from Community Corrections Center # 4. From March 7, 1993 to September 27, 1993. See Exhibit I. A total of 204 days = 5 months and 20 days.

On April 29, 1994, the Plaintiff was sentence to 30 days for prison breach. See Exhibit F.

A total of 6 months and 22 days inoperative time and 1 month prison breach. See Exhibit I.

6

The sentence was ordered to run consecutive to the previously imposed 15 year term. This resulted in a total aggregate sentence of 15 years years and 30 days. See Exhibit A. See Computation Data.

The calculation of the inoperative time and prison breach.

The new EFT was computed to be May 9, 2003 or June 6, 2003.

The Plaintiff was released on parole April 18, 1995. See Exhibit I. 2. Statement of Facts

Now the Plaintiff have already serve Eight 8 years and 8 months. From July 18, 1986 to April 18, 1995 (the Plaintiff got out on bond on August 3, 1986, but got lock — minus the six 6 months and 22 days inoperating time, because, the one 1 month prison breach was order to run consecutive.

█████████████ a total of 8 year 1 month.) In the custody of D.C. Before the Plaintiff was parole.

1. right back up August 22, 1986.
   See Exhibit I.

2. The Plaintiff did not have 2,944 days remaining on his sentence. From July 18, 1986 to April 18, 1995 is 9 years and From April 18, 1995 to August 17, 2001 is 15 year and 1 mo.

The District of Columbia Board of Parole issued a warrant for the Plaintiff on July 2, 1996, based on violation on parole. Exhibit B

The Plaintiff got lockedup in the State of Maryland on September 30, 1996. See Exhibit D

The Plaintiff stay lockedup in the State of Maryland until January 5, 2000, the day the warrant was executed. See Exhibit C

Now, todays date is January 9, 2006, and the Plaintiff have been back in the District of Columbia custody six 6 years.

(A total of 8 years and 1 month and 6 years.

14 years and 1 month in the custody of the District of Columbia.

The State of Maryland sentence was run concurrent. See Exhibit D.

A violation of the 8th and 14th Amendment and Due Process and Equal protection of the laws.

8.

District of Columbia 4 to 15 years, and 1 month sentence.

## Diagram

See Exhibit on Computation Data.

Date of Arrest – July 18, 1986, see Exhibit E.

1.                                     1987
2. Date Received August 17, 1988, see Exhibit H.
3.                                     1989
4.                                     1990
5.                                     1991 – 32 days
6.                                     1992
7.                                     1993 – 5 mos. and 20 days
8.                                     1994 – 30 days
9. On Parole ... April 19,       1995 = Equal 8 years and 1 mo.
10. Exhibit I. ... July 2,        1996, see Exhibit B   "locked up mo. – Sept. 30, 1996"

Date Warrant issued →

                                                     1997
                                                     1998
                                                     1999

2.

Date Warrant Executed January 3, 2000, see Exhibit C.

11.                                   2001     "Locking mo. Admission"
12. (February 17, 2005, is       2002         1997
13. 15 years and 1 mo.)        2003         1998
14.    See Exhibit A.            2004         1999
15. Expiration date ... February 17, 2005
16. Today's Date January 9, 2006 = Equal 6 years
                                                                 16 years and 1 mo. in the Custody of D.C.

What is this                             2007
additional                January 24, 2008, see Exhibit G.
time for?

D.C. Code 23-110, Rule 35 Correction of Sentence.

9

Exhibits, A, B, C, D, E, F, G.

The Defendant violated the Plaintiff Due Process And Equal protection of the law by miscalculating the District of Columbia And the State of Maryland Sentences. Causing him Mental Anguish and Emotional Stress.

District of Columbia Fed. Sentence ............ 4 to 15yr 1mo
Maryland Sentence 5year time Served ............ 3yr 5mo
Total Combine D.C. And MD. Sentence ............ 18yr 6mo

Date of Arrest ............................................... July 19, 1989

Maximum release date ..................... February 19, 2004
18 years And 6 month on both Combine Sentence.

                                                                              2006
  What is this                                                                2007
  Additional time for?                                                    January 2008

The District of Columbia was not going to credit the Plaintiff with being locked-up in the State of Maryland custody. So the 3years and 5 month had to be added on the District of Columbia 4 to 15 years and 1 month Sentence.

2. All of the Plaintiff Statutory Good Time have to come off January 3, 2002 to February 19, 2004.

10.

3.

At the rate of 10 days a month under the old law, from January 3, 2000 to February 17, 2005, Equal 510 day - Equal 18 month, August 17, 2003 is the Plaintiff Statutory Good Time Release Date.

(February 17, 2005, is the Plaintiff Expiration Full term date.)

Argument

The United States Parole Commission credit the Plaintiff with 58 months of being in custody from September 30, 1996 to July 17, 2001. However, added 60 months back on the illegal Eight 8 years sentence. The credit of 58 mos. had to go toward the day to day sentence because the plaintiff was back in D.C. Custody 19 mos. from January 3, 2000 to July 17, 2001. Credit of 58 months of being in custody. SEE Exhibit P.

Sept. 30, 1996              Sept. 30, 1996 to Jan. 3, 2000
Sept. 30, 1997 ... 12       (imprisoned 39 month in
Sept. 30, 1998 ... 24       Maryland.)
Sept. 30, 1999 ... 36       2. Warrant Executed Jan. 3, 2000 to
* January 3, 2000 ... 48    * January 3, 2000 July 17, 2001 im-
* July 17, 2001 ... 58      * January 3, 2001 (prisoned 19 mos. in
                              January 3, 2002   D.C.)
The U.S. Parole Commission  January 3, 2003
have the Plaintiff serving  January 3, 2004 ... 1997 (12)
58 mos. in the State of MD, January 3, 2005 ... 1998 (24)
But, the Plaintiff served 39 mos. January 3, 2006 ... 1999 (36)
This is clearly a violation of  January 3, 2007 ... 2000 (48)
Due Process and Equal protection of the January 17, 2008 ... 2001 (60)
Law.                          SEE Exhibit
                              13.

# Argument

(Eight 8 illegal years sentence)

A violation of the Plaintiff 8th and 14th Amendment and Due Process and Equal Protection of the law. Causing the Plaintiff mental anguish and emotional stress.

The District of Columbia and the Federal Bureau of Prisons claims that the Plaintiff owe them Eight 8 years, from April 18, 1995 to June 6, 2003. See Exhibit I.

The District of Columbia and the Federal Bureau of Prisons added this time on the sentence, from January 3, 2000 to February 21, 2008. See Exhibit J.

Diagram:

| The time D.C. and BOP claim the Plaintiff owe. See Exhibit I. | The time D.C. and BOP added on the sentence. See Exhibit J. |
|---|---|
| April 18, 1995 | January 3, 2000 |
| 1996 | 2001 * |
| 1997 | 2002 * |
| 1998 | 2003 * |
| 1999 | 2004 |
| 2000 | Expiration Date February 17, 2005 |
| 2001 * | 2006 |
| 2002 * | 2007 |
| June 6, 2003 * | February 21, 2008 |

14

The District of Columbia (DCRC) and the Federal Bureau of Prisons (BOP) have the Plaintiff serving 2001*, 2002*, 2003*, over again.

Note: 2006        Represent 2001
      2007                  2002
      February 21, 2008     June 6, 2003
                            Over Again.

3. Standards of Review

A. Request For Granted.

The Honorable Judge should grant Summary Judgement Favor of the Plaintiff; Because,

When it is evident that the Plaintiff 8th and 14th Amendment and Due Process and Equal Protection of the law have been violated, the Court must rule in Favor of the Plaintiff. For

Personal injury and personal property loss (Mental Anguish and Emotional Stress).

15.

B. Summary Judgment Standard

Summary Judgment is Appropriate when the record show the genuine issue exists as to any material fact and the Plaintiff is entitled to Summary Judgment as a matter of law. See 8th and 14th Amendment and Due Process and Equal Protection of the law.

Conclusion

For the foregoing reason, the Plaintiff motion to grant Summary Judgment be granted.

Respectfully Submitted,
Joseph Watkins
On this 10th day of January 2006

## Certificate of Service

I certify that the foregoing motion for Memorandum of Points and Authorities in Support of the Plaintiff motion for Summary Judgment was served upon Defendants' by depositing a copy of it in the U.S. mail Box, First class postage prepaid, addressed, F.C.I. Schuylkill, P.O. Box 759, Minersville, PA - 17954-0759

To: Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St. N.W.
Washington D.C. 20530

Joseph Watkins
January 10, 2006

## Certificate of Service

I, Joseph Watkins, certify that the foregoing response to the Defendants' Responsive Pleading was served upon Defendant's by depositing a copy of it in the U.S. Mail Box first class postage prepaid, Addressed, F.C.I. Schuylkill, P.O. Box 759, Minersville, PA. 17954-0759

To: Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St. N.W.
Washington, D.C. 20530

by /s/ Joseph Watkins
January 10, 2006