United States District Court
For the District of Columbia

Joseph Watkins
                    Plaintiff
                                        Case number 1:05-cv-1565-RMU
        vs.

Ronnie R. Holt, et al., Warden
                    Defendants

(Declaration of Joseph Watkins)
Resubmitting Affidavit in Support For
Motion For the Appointment of Counsel and
Memorandum of Law in Support of the Plaintiff
Motion For Appointment of Counsel on January 10, 06

1. The Plaintiff In Formation (I.E. case number) Judicial
Officer, Caption) was missing from the documents
the Plaintiff filed on January 10, 2006.

The Plaintiff is in
Segregation. Please,
Send copy to Defendant.
The Plaintiff do not have
Any money and is unable
to send copy to Defendant.

Thank you, Joseph Watkins

# Affidavit in Support of the Plaintiff Motion For the Appointment of Counsel

Joseph Watkins V. Ronnie R. Holt, ET AL.,
Case Number 1:05-cv-1565-RMU

1. I am the plaintiff in the above entitled case. I make this affidavit in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that the plaintiff was subjected to the misuse of his claim and the defendants are liable for failing to take action to control them. The plaintiff was subsequently denied due process of law.

3. This is a very complex case because it contains several different legal claims, with each claim involving a different set of rules.

4. The case involves issues that may require expert testimony.

5. The plaintiff demands a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict since the plaintiff alleges violation.

1.

8. The plaintiff has only a high school education and has no legal education.

9. The plaintiff is serving a sentence in punitive segregation, for this reason he has very limited access to legal materials. And has no ability to investigate the facts of the case, for example, by locating and interviewing discovery.

10. As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of the plaintiff claim, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff motion for the appointment of counsel should be granted.

Pursuant to 28 U.S.C. § 1746

Joseph Watson
January 11, 2006

Joseph Watson
Resubmitting on January 11, 2006, Friend of the Court,
Pursuant to 28 U.S.C. § 1746

RECEIVED
JAN 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2.

Memorandum of Law in Support of the Plaintiff Motion For the Appointment of Counsel

Joseph Winkins V. Ronnie R. Holt, et al,
Case number 1:05-cv-01565-RMU

Statement of the case.

This is a Civil Rights case filed under the Federal Tort claims Act, 28 U.S.C.A 1346, 2671-2680, by a Federal Prisoner and asserting claims for the unconstitutional misuse of law, the denial of due process in subsequent proceedings. The plaintiff seeks damages as to all claims and an injunction.

## Argument

The Court should appoint counsel for the plaintiff.

In deciding whether to appoint counsel for an indigent litigant, the Court should consider the Factual Complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir 1991)

1. Factual Complexity: The plaintiff alleges that several facts are a violation of his constitutional rights, the claim denied the plaintiff of due process. The three types of claims and defendants make this a factually complex case.

1.

2. The plaintiff ability to investigate: A Factor that Several Courts have cited in Appointing Counsel, Tucker v. Randall, 948 F. 2d 388, 391-92 (7th cir 1991) Gatson v. Coughlin, 679 F. Supp 270, 273 (1989)

3. Conflicting testimony: The plaintiff account his violation, this aspect of the case will be a credibility contest between the unlawful defendants and the plaintiff, the existence of these credibility issue supports the appointment of counsel, Armstrong v. Snyder 103 FRD 96, 105 (E.D. Wis 1998)

4. The ability of the indigent to present his claim: The plaintiff is an indigent prisoner with no legal training, a Factor that Supports the Appointment of Counsel, Whisenant v. Yuam 739 F. 2d 160, 163 (4th cir 1984), in addition, he is confined to segregation with very limited access to legal materials, Ayes v. Johnson 969 F. 2d 700, 703-04 (8th cir 2001) (citing lack of easy access to a law library as a factor supporting appointment of counsel).

5. Merit of the case: The plaintiff allegations, if proven clearly would establish a constitutional violation. The use provoked and injurious psychological injures clearly states an Eighth amendment violation, Hudson v. McMillian 112, S.CT 995, 1000 (2002) Superintendent v. Hill 472 US 445, 457, 105 S.CT. 2768 (1985) Due process, Cleveland, 471, US 491, 497, 105 S.CT. 2092 (1985) Bryson v. Kucik 689 F. 2d 466, 467-68 (3d cir 1982)   2.

Conclusion

For the foregoing reason, the Court should grant the plaintiff motion and appoint counsel in this case.

January 18, 2006

*Joseph Watkins*

Pursuant to 28 U.S.C. § 1746

RECEIVED
JAN 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT