UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH WATKINS | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1565 (RMU) |
| | ) |
| RONNIE HOLT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION**

In his opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, *pro se* plaintiff Joseph Watkins makes numerous contentions that are either irrelevant or indicative that he should file a writ of *habeas corpus*. Plaintiff has failed to supply the Court with any competent evidence indicating that he has a valid claim.

**Plaintiff's Claim Sounds Exclusively In Habeas**

There is no question that plaintiff disagrees with the computation of his sentence. Essentially, plaintiff is claiming that his sentence should be shorter. Hence, the complaint should be dismissed as a veiled attempt to file a petition for a writ of *habeas corpus*. The recent decision of Wilkinson v. Dotson, et al., 544 U.S. 74, 125 S.Ct 1242 (2005) provides no aid to the plaintiff. The Dotson Court discusses at length when a claim may properly be brought under *habeas*. Under the rubric of Dotson, a state prisoner may challenge the constitutionality of state parole procedures in an action brought under § 1983. Id., at 1247-48. Conversely, a suit under § 1983 is barred (and habeas is the exclusive remedy) if success would necessarily demonstrate the

invalidity of confinement or its duration. Id. Because plaintiff is contesting the amount of days remaining on his sentence, *habeas* is plaintiff's exclusive remedy. The *habeas* action should be filed in the jurisdiction where the petitioner is incarcerated, i.e., the Middle District of Pennsylvania.

Moreover, as argued in Defendant's Motion to Dismiss, the Federal Tort Claims Act does not apply to false imprisonment claims. See 28 U.S.C. § 2680 (h).

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss or in the Alternative for Summary Judgment as Plaintiff's case fails to state a claim and is woefully insufficient.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

## CERTIFICATE OF SERVICE

I certify that the foregoing Reply was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

>Joseph Watkins
>R17954-0759
>USP Allenwood
>P.O. Box 3000,
>White Deer, PA.  17887

on this 14th day of March 2006.

/s/
_____
HEATHER GRAHAM-OLIVER