United States District Court
For the District of Columbia

RECEIVED
APR 0 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Joseph Watkins
                Plaintiff   Civil Action No. 05-1565 (RMU)
        v.
Ronnie R. Holt, et al.,
                Defendant.

**Plaintiffs' Reply to Defendant's Opposition**

Pursuant to Rule 56, the Plaintiff move the Court for Summary Judgment dated March 17, 2006, is pending before the Court, due to the fact that the Defendant fail to respond to the Courts' Order for Extention of time until March 14, 2006 to file Opposition motion.

[On January 3, 2006, the Defendants' file a motion to Dismiss or in the Alternative for Summary Judgment.]

The Plaintiff Expiration of 20 days had Expire on March 17, 2006 before moving with or without supporting Affidavits for a Summary Judgment in the Plaintiffs' favor, SEE Rule 56(a) SEE Exhibit A.

Although, the Plaintiffs' Sentence had Expire as of February 17, 2005, as a matter of law, the Plaintiff Statutory Good Time Release Date was August 17, 2003.

1.

The Plaintiffs' claim is the Federal Bureau of Prisons is causing the Plaintiffs' mental anguish and emotional stress by holding him illegal. Because, his sentence has expire as of February 17, 2005. SEE, 28 U.S.C. § 1346, 2671-2680

Moreover, as argued in the Plaintiffs' motion for Summary Judgment, the Federal Tort Claims Act does apply to mental anguish and emotional stress. SEE, 28 U.S.C. § 2680

For the foregoing reasons, the Court should grant the Plaintiffs' motion for Summary Judgment as Defendants' fail to respond to the Courts' Order for extension of time until March 14, 2006 to file opposition motion.

Respectfully Submitted,
by Joseph Watkins, SEE Isaiah 62
April 4, 2006

Exhibit A?

Rule 55

RULES OF CIVIL PROCEDURE

### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 56. Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or

certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 388. See also Third Annual Report of the Judicial Council of the State of New York (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. English Rules Under the Judicature Act (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing

#### 1946 Amendment

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in Peoples Bank v. Federal Reserve Bank of San Francisco, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See United States v. Adler's Creamery, Inc., C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in a case where the defendant himself makes a motion for summary judgment within that time, there is no reason to restrict the plaintiff and the amended rule so provides.

Subdivision (c). The amendment of Rule 56(c), by the addition of the final sentence, resolves a doubt expressed in Sartor v. Arkansas Natural Gas Corp., 1944, 64 S.Ct. 724, 321 U.S. 620, 88 L.Ed. 967. See also Commentary, Summary Judgment as to Damages, 1944, 7 Fed.Rules Serv. 974; Madeirense So. Brasil S/A v. Stulman-Emrich Lumber Co., C.C.A.2d, 1945, 47 F.2d 399, certiorari denied 1945, 65 S.Ct. 1201, 325 U.S. 861, 89 L.Ed. 1982. It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right to summary recovery determined by a preliminary order,

Third Ill.Stats.c. 110, §§ 181, 259.15, 259.16, is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommends that all restrictions be removed and that the remedy be available "in any action". (p. 287.) For the history and nature of the summary judgment procedure and citation of state statutes, see Clark and Samenow, The Summary Judgment (1929), 38 Yale L.J. 423.

Note to Subdivision (d). See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

Note to Subdivisions (e) and (f). These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

Certificate of Service

I, Joseph Watkins, certify that the foregoing Reply was served upon Defendants' by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed from U.S.P. Allenwood, P.O. Box 3000, White Deer, PA. 17887

To:

Heather D. Graham-Oliver
Assistant United States Attorney
555 4th St. N.W.
Washington, D.C. 20530


by /s/ Joseph Watkins
April 4, 2006