UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1565 (RMU) |
| ) | Dkt. # 15-16, 18, 23 |
| RONNIE HOLT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment.[1] The Court will dismiss the complaint.

I. BACKGROUND

Plaintiff is a District of Columbia prisoner who currently is in the custody of the Federal Bureau of Prisons ("BOP"). Compl. at 2. He alleges that defendants were negligent in

---

[1] Plaintiff moves for summary judgment on the ground that defendants, having been granted extensions of time to file a response to the Amended Complaint, "clearly state[] by there [sic] action that the non-moving party is not ready for trial by jury." Motion for Summary Judgment at 2. The Court will deny the motion. Plaintiff "bears the initial responsibility for informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). He utterly fails to do so. In addition, plaintiff's motion fails to comply with Local Civil Rule 7(h) as it is not "accompanied by a statement of material facts as to which [plaintiff] contends there is no genuine issue, which shall include references to the parts fo the record relied on to support the statement." LCvR 7(h).

calculating his sentence, such that he remains in custody long past its expiration.  *See* Amd. Compl. at 1.  Plaintiff contends that his current incarceration violates the Eighth and Fourteenth Amendments to the United States Constitution.  *See id*. at 4-5.  He brings this action under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.*, demanding damages of $75,000,000.00 for "mental anguish and emotional stress," false imprisonment, personal injury and personal property loss resulting from his continued wrongful incarceration.[2]  Amd. Compl. at 2, 5; *see* Compl., Ex. D (June 9, 2005 Memorandum regarding Administrative Tort Claim No. TRT-NER-2005-01396); Memorandum of Points and Authorities in Support of Motion to Dismiss or for Summary Judgment ("Defs.' Mot."), Ex. 1 (Claim for Damage, Injury, or Death signed January 5, 2005).

## II.  DISCUSSION

A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The ruling on a motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The factual allegations of the complaint must be presumed to be true and liberally construed in plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001).  The Court, however, is not obligated to draw an inference that is not supported by the facts presented.  *Kowal v. MCI*

---

[2] Only the United States can be a defendant to a claim under the FTCA.  *See* 28 U.S.C. § 2679(a); *Cox v. Sec'y of Labor*, 739 F.Supp. 28, 29 (D.D.C. 1990).  Plaintiff's pleadings are defective insofar as the United States is not named a defendant to this action.  The Court declines to dismiss the FTCA case or otherwise penalize this *pro se* plaintiff for a pleading defect which could have been remedied by amending the complaint.

*Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

  *A. The FTCA does not apply to constitutional torts and false imprisonment*.

The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees. *See* 28 U.S.C. § 2679(b)(1), (2); *Meyer v. Fed. Bureau of Prisons*, 929 F.Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador,* 603 F.Supp. 1313, 1316-17 (D.D.C. 1985). To the extent that plaintiff demands relief for defendants' violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, these claims must be dismissed. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *see Zakiya v. United States*, 267 F.Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights). Nor does the FTCA authorize relief for a claim of false imprisonment. By its terms, the FTCA does not apply to "[a]ny claim arising out of . . . false imprisonment." 28 U.S.C. § 2680(h).

  *B. Plaintiff's challenge to his current custody sounds in habeas.*

Notwithstanding plaintiff's having chosen the FTCA as the jurisdictional basis of this suit, it is clear that his claims sound in habeas. "[T]he essence of habeas corpus is an attack by a

3

person in custody upon the legality of that custody, and that the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For a prisoner who "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate relief or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500; *see Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 375 (D.C. Cir. 2000) (habeas relief "exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"); *see also Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809-10 (D.C. Cir. 1988) (habeas as appropriate vehicle for federal prisoner arguing "that he is being deprived of the chance to secure his release . . . by unlawfully being declared ineligible for parole consideration").

Insofar as plaintiff demands immediate release from his current custody, his sole remedy is through a petition for a writ of habeas corpus, which names the warden as the respondent, filed in the district where he is incarcerated.[3] *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is petitioner's warden); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction").

### C. Plaintiff fails to state a claim for damages.

To the extent that plaintiff seeks damages resulting from his allegedly unlawful

---

[3] Plaintiff recently sought but was not granted habeas relief. *See Watkins v. Holt*, No. 1:CV-04-2808, 2005 WL 1563501 (M.D. Pa. June 30, 2005), *aff'd*, No. 05-3566, 2006 WL 1140129 (3d Cir. May 1, 2006).

incarceration, he fails to state a claim upon which relief can be granted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ for habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).  Absent a showing that plaintiff's conviction or sentence is invalid, he cannot recover damages under the FTCA. *See Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA claim "for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody"); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (6th Cir. 1999) (table) (upholding dismissal of FTCA and constitutional claims of ineffective assistance of appointed criminal defense counsel and conspiracy under *Heck* because plaintiff "essentially challenge[d] the validity of his conviction"); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir.) (relying on *Heck*, claim alleging legal malpractice by federal public defender resulting in unlawful incarceration not cognizable under FTCA "when it calls into question the validity of a prior conviction"), *cert. denied*, 514 U.S. 1120 (1995).

### III. CONCLUSION

The FTCA does not apply to plaintiff's claims for constitutional torts and false

imprisonment.  Plaintiff's challenge to his current custody sounds in habeas, and until or until his conviction or sentence is invalidated, he is not entitled to damages for injuries stemming from his incarceration.  Accordingly, the Court will grant defendant's motion to dismiss.  An Order consistent with this Memorandum Opinion is issued separately and contemporaneously on this 10th  day of August 2006.

    SO ORDERED.

                                                                                                               RICARDO M. URBINA
                                                                                                              United States District Judge